No. 12,185.

SUCCESSION OF ROGGE, P. F. NOUVET, EXECUTOR, VS. MUNICIPAL INPROVEMENT COMPANY.

The rule was to compel the adjudicatee to comply with his bid and take title.
Presumably, the property was the property of the community.
The evidence that it was paraphernal property was not of such a convincing character as to make it appear that the title was not suggestive of litigation.

APPEAL from the Civil District Court for the Parish of Orleans. Théard, J.

John L. Peytavin for Executor, Plaintiff in Rule, Appellant, and J. N. Augustin and W. J. Waguespack for Intervenors, Appellees.

Carroll & Carroll for Defendant in Rule, Appellee.

Argued and submitted December, 16, 1896.
Opinion handed down January 4, 1897.

The opinion of the court was delivered by

BREAUX, J. The plaintiff took a rule upon the defendant to compel the latter to comply with the terms of an adjudication of property of the succession of Christina M. Rogge.

At the date of her death, Mrs. Christina M. Rogge, wife of C. William Rogge was domiciled in Biloxi in the State of Mississippi.

She left a will in which she named the plaintiff as her testamentary executor. The succession was opened in Harrison county, Mississippi, also in the Civil District Court of this' city.

The plaintiff obtained an order for the sale of the property involved in this litigation.

The property was adjudicated to the defendant.

The defendant, as set forth in the return to the rule, refused to take title.

The facts preceding the adjudication, regarding the title, are that Christina M. Rogge bought the property June 18, 1889. She was at the time the wife of William Rogge, who did not join in nor sign the deed of sale to the wife. He had abandoned her at the time.

When Mrs. Rogge was married to Wm. Rogge, she was the owner of property worth about fifty thousand dollars. She had funds sufficient to pay for the property, if she chose to make the purchase in her own name. The act of purchase, however, contains no declaration that the wife bought the property with her paraphernal funds. She declares in the act that she did not know where her husband was and that she has instituted suit against him for a divorce. The record reveals that this suit was afterward dismissed on account of defective pleading. Some time after this dismissal and after she had acquired the property she brought a second suit for a divorce, and a judgment of divorce was granted to her.

During the trial of the rule before us for determination the plaintiff in rule made Rogge a party to the proceeding. The rule, on mover's motion, was discontinued as to Rogge, and trial of the rule was proceeded with contradictorily with the defendant and adjudicatee alone.

The evidence discloses that the surviving husband, Rogge, sued the succession of the late Mrs. Rogge, and alleged that the property was community property. He was examined as a witness upon the trial of the rule. He, in substance, asserted as a witness that it was community property.

The record discloses that in Mississippi property bought by the husband or the wife is his or her individual property. The law of community of acquets is not known.

Judgment was rendered in favor of the defendant in rule, and the plaintiff has appealed therefrom.

· The community begins from the day of the marriage, and is dissolved by death, divorce, separation from bed and board and separation of property.

Here the action for a divorce was brought by the wife during the community existing between the husband and the wife, and the community was dissolved by a judgment decreeing the divorce sued for some time after the property had been bought by one of the spouses.

It follows, the property having been bought during the marriage, presumably it was a community asset.

With reference to immovable property, whether it was bought in the name of the wife or the husband, or in the name of the wife alone, it is property of the community. It is incumbent upon the spouse who claims that the property is separate to prove that it is not property of the community. If he fails to procure sufficient proof, by that fact alone the property remains community asset.

The principal question presented for determination is whether the adjudicatee can be made to take title, although it is not established contradictorily with the husband that the property was the property of the wife.

The adjudicatee is a third person who can not be compelled to comply with the terms of adjudication unless the presumption which makes the property a community asset has been effectually destroyed. Bachino vs. Coste, 35 An. 570.

The vendor should tender to the adjudicatee a title free from risks and not one subject to attack.

It is next urged by the plaintiff, that the presumption that the property is community property may be destroyed by written or oral testimony. In our view, that presumption is not destroyed in this case.

We were led to consider the merits of the controversy between the husband and his wife's succession.

The case under consideration involves a title suggestive of litigation.

Rogge was put on the witness stand. He neither absolutely admitted or directly denied that the property was the paraphernal property of his deceased wife. At several points of his testimony he contradicted himself.

He testified that his wife had ample means to buy the property, and that he did not furnish the funds. At another time, while testifying, he was anxious to create the impression that he had furnished his wife with considerable sums of money. The testimony, taken as a whole, was certainly not an absolute admission in favor of the wife's succession.

The testimony, which, to say the least, was equivocal, taken with the fact that he had brought an action against the plaintiff here to have it decreed that the property belonged to the community, was enough to raise a serious question as to the validity of the title.

It was not shown with legal certainty that the property claimed, acquired during the community, was purchased with her separate funds.

The proposition of plaintiff, that all purchases made by the wife in the intermediate time between the demand for a divorce and the judgment granting the separation must be considered as having been made for her own account and not for the community, does not impress us.

The suit for a divorce pending when Mrs. Rogge made the purchase was dismissed. The date of any retroactive effect is that of the filing of the petition on which judgment was rendered, and not the date of the filing of the petition of the first suit, which was dismissed.

The record reveals that in Mississippi a bill for a divorce dismissed has no legal effect; it is as if no bill had been filed. A dismissal suit in Louisiana, also, in a case for divorce, can have no such effect as here claimed in matter of property bought for the community or for either of the spouses.

The facts that the domicile of the wife was in Mississippi and that she retained the management of her affairs are not determinative of the issues. The property remains in the community until it is proven that it is not the property of the community, notwithstanding the fact that the spouse by whom it was bought was a resident of the State of Mississippi.

It is settled by many decisions that immovable property in this State must be administered and disposed of under its laws, without regard to the domicile of the owner. Such property, on the dissolution of the marriage, must be distributed according to the laws of the State in which it is situated.

Now, with reference to the administration of the property retained it is urged by the wife during the marriage; it does not justify the conclusion, of itself, that the property bought is her paraphernal property. It is not enough that she had the administration; it must be shown that the purchase was made with her separate funds. A fact not established with certainty required as against an adjudicatee called upon to take a title.

We do not decide that the title is in the community. We only conclude, in the present condition of the case (chiefly caused by contradictory testimony and the fact in addition that the husband is

not a party, and that he is actually suing to have the property decreed property of the community), that the title is not one that the purchaser is bound to accept.

It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed.